```
IN THE UNITED STATES DISTRICT COURT
  FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
RAVENGRACE MORI EL,          )
                             )
          Plaintiff,         )
                             )
     v.                      )       1:22CV716
                             )
HSBC BANK,                   )
                             )
          Defendant.         )
```

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket Entry 1), filed in conjunction with her Complaint and Request for Injunction (Docket Entry 2; see also Docket Entry 7 (additional pages)), as well as her "Original Complaint and Motion for Temporary Restraining Order and Perminant [sic] Injunction" (Docket Entry 6 ("Injunctive Relief Motion") at 1). The undersigned Magistrate Judge will grant the Application for the limited purpose of recommending denial of the Injunctive Relief Motion and dismissal of this action.

**BACKGROUND**

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d

951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, [they do] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or . . . (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact.").

Here, Plaintiff, "RavenGrace Mori El, and or Ex Rel ANNEMARIE MALTA, ANNEMARIE FURFARO, Sui Juris" (Docket Entry 2 at 1), initiated this action against Defendant HSBC Bank in this Court by asserting "[f]ederal question" subject-matter jurisdiction (id. at 3), predicated upon:

1) a "claim under 15-UCS-1692 [sic] that Defendant cannot prove standing either as servicer or collector of an original Note authorized Plaintiff [sic]" (id.; see also id. at 11 (averring

2

that, "[o]n March 15, 2006, Annemarie Furfaro ('Borrower'), known as RavenGrace Mori El, Plaintiff executed a promissory note" and implying that said note concerned purchase of "[r]eal [p]roperty located at 6602 Lakebend Way, Greensboro, North Carolina"); Docket Entry 6 at 1 ("Plaintiff makes claim that under 15-UCS [sic] 1692 that Defendant cannot prove standing either as a servicer or collector of an original Note authored by Plaintiff. This Court having original jurisdiction under 15-USC-1692."), 2 ("Defendant seeks to collect/service and foreclose on a Note originated by Plaintiff . . . that has been 'time-barred' by North Carolina Statute. Furthermore, Defendant seeks to collect on a Note that Defendant has no standing to collect, service or foreclose on under 15-USC-1692."); Docket Entry 7 at 4 (alleging as supporting facts for said claim that "Promissory Note has never been filed in the Guilford County Registry of Deeds," that (in conjunction with foreclosure proceeding in 2007) "Amanda Farrar under oath state[d] that she is the Vice President of HSBC Bank, [which was] not true," that "HSBC Bank's said copy of Promissory Note . . . does not substantiate or is [sic] valid proof of HSBC Bank having standing for rightful, lawful foreclose [sic]," and that "HSBC Bank never had standing because the Plaintiff-Borrowers [sic] loan was securitized into the ACE Securities Corp. Home Equity Loan Trust" (stray comma and emphasis omitted))); and

3

2) a claim that "[t]he Lender in this transaction failed to properly provide the 'early' disclosures as required under 24 CFR § 3500 et seq. and 12 C.F.R. § 226 et seq." (Docket Entry 2 at 3; see also Docket Entry 7 at 3 (alleging that "[v]iolations [of] 'early' disclosures as required under 24 CFR § 3500 et[] seq. and 12 C.F.R. § 226 et seq[.] do exist [as] early disclosures required to be provided by the Lender prior to consummation or within three (3) days of application were never provided to the Plaintiff-Borrower under the TILA and/or the RESPA" and describing timing of certain events in 2006 and 2007, without mentioning HSBC Bank)).

As relief for those claims, "Plaintiff prays this Honorable Court to permanently enjoin Defendant from any further attempts of foreclosure sale, foreclosures, service and any further transfer of ownership or encumbrances on Plaintiff's Note." (Docket Entry 2 at 10; see also Docket Entry 6 at 2 ("Plaintiff seeks immediate relief from pending threat of foreclosure."), 6 ("Plaintiff prays this Honorable Court to permanently enjoin Defendant from any further attempts to service or foreclose on Plaintiff's Note.").) Plaintiff, however, previously filed an overlapping action in this Court. See Mori El v. Nationstar Mortg., No. 1:19CV218, 2019 WL 3779552, at *2-3 (M.D.N.C. Aug. 12, 2019) (unpublished) (recounting Plaintiff's prior complaint "against eight defendants," including HSBC Bank and "Issuing Entity Trust Ace Securities Corporation Home Equity Loan Trust," for (among other things) violations of "the

4

Fair Debt Collection Practices Act," based on "alleg[ations] that, at least since March 15, 2006, [they] ha[d] engaged in a scheme [by which] they issue home loans to consumers and then seek to collect the amounts allegedly due to them which are not legally due to them" and that various "events that occurred during and following [post-purchase] 'securitization process'" voided "[the d]efendants' superior colorable claim to legal title and equitable title of the real property," leaving "Plaintiff '[a]s the owner of the property" (internal brackets, quotation marks, and ellipsis omitted)), *7 ("The [c]omplaint alleges that all [of the d]efendants violated the 'Fair Debt Collection Practices Act' (the 'FDCPA'), codified at '15 U.S.C. Sections 1692-1692p' . . . ." (footnote omitted)), *8 (documenting that alleged scheme impacted same piece of real property at issue in this case), recommendation adopted, 2019 WL 4305738 (M.D.N.C. Sept. 11, 2019) (unpublished) (Biggs, J.).

Just as here (with the Injunctive Relief Motion), in her prior case, "Plaintiff fil[ed] a motion for temporary restraining order [as to which] this Court (per United States District Judge Loretta C. Biggs) denied relief, observing: 'Plaintiff's name does not appear in the Deed of Trust . . . . There are no documents before the Court that support [her] allegations of ownership of the subject property.'" Id. at *4 (internal brackets omitted) (quoting

5

prior order by Judge Biggs).[1]  Subsequently, the Court (per Judge Biggs, adopting the undersigned Magistrate Judge's recommendation) "ordered that Plaintiff's federal claims [we]re dismissed for failure to state a claim under [Section] 1915(e)(2)(B)(ii) . . . ." Mori El, 2019 WL 4305738, at *1 (standard capitalization applied); see also Mori El, 2019 WL 3779552, at *8 ("[T]he [c]omplaint fails to state a claim under the FDCPA.").

## **DISCUSSION**

The doctrine of res judicata bars attempts to relitigate claims adjudicated in a previous suit between the same parties. See Brown v. Felsen, 442 U.S. 127, 131 (1979); Montana v. United States, 440 U.S. 147, 153 (1979).  It also forecloses claims in a

---

[1] The Note and Deed of Trust from the real estate transaction at issue, which Plaintiff submitted with the Complaint, likewise do not list Plaintiff as the purchaser/borrower. (See Docket Entry 2-5 at 1-4 ("Note" for "6602 Lakebend Way, Greensboro, North Carolina," denoting "Borrower: Annemarie Furfaro," with last page signed by "Annemarie Furfaro" (standard capitalization applied)), 5-17 ("Deed of Trust" for "6602 Lakebend Way, Greensboro, North Carolina," denoting "Borrower: Annemarie Furfaro," with penultimate page signed by "Annemarie Furfaro" (standard capitalization applied)).) Another document appended to the Complaint, an "Affidavit of Request for Verification" dated "June 27, 2011" (Docket Entry 2-16 at 28), signed by "Raven-Grace-Mori:El" (id. at 29), refers to "Raven Grace Mori-El" as a "Trust for Annemarie Furfaro" (id. at 28 (standard capitalization applied) (braces omitted)) and identifies the affiant as "Annemarie Furfaro; with the legal name change of Raven-Grace-Mori:El" (id.).  However, in conflict with any assertion that Annemarie Furfaro legally changed her name to (some version of) Ravengrace Mori El, the documents Plaintiff filed with the Complaint include a more recent letter about "6802 [sic] Lakebend Way, Greensboro, NC" (Docket Entry 2-15 at 1), signed by "Annemarie Furfaro" (without any reference to Ravengrace Mori El) (id. at 2).

6

second proceeding which a litigant could have raised in the first proceeding. See Keith v. Aldridge, 900 F.2d 736, 740 & n.5 (4th Cir. 1990); Harnett v. Billman, 800 F.2d 1308, 1314 (4th Cir. 1986). Application of res judicata generally requires satisfaction of three conditions: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Jones v. Securities & Exch. Comm'n, 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotation marks omitted). Absent a grant of leave to cure identified deficiencies, a dismissal under Section 1915(e)(2)(B) "ha[s] a res judicata effect on frivolousness determinations for future *in forma pauperis* petitions." Denton v. Hernandez, 504 U.S. 25, 34 (1992); see also Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (explaining that "§ 1915 dismissals with prejudice would have a *res judicata* effect on future *in forma pauperis* petitions" (emphasis omitted)); Waller v. Groose, 38 F.3d 1007, 1008 (8th Cir. 1994) ("hold[ing] that the § 1915([e]) dismissal of [the plaintiff's] first claim has res judicata effect and establishes that [the plaintiff's] second, identical claim is frivolous for § 1915([e]) purposes").[2]

As documented in the Background section, the Court (per Judge Biggs) dismissed Plaintiff's earlier federal claims against HSBC

---

[2] The language now set out in Section 1915(e)(2)(B) previously appeared in Section 1915(d). See Hughes, 350 F.3d at 1161 n.3.

7

Bank arising from Plaintiff's assertion of unencumbered ownership of 6602 Lakebend Way, Greensboro, North Carolina, for failure to state a claim without leave to amend. As such, that dismissal can carry a "res judicata effect on frivolousness determinations for [Plaintiff's current] *in forma pauperis* [application]," Denton, 504 U.S. at 34. Further (again as detailed in the Background section), the prior action and Plaintiff's instant action both present substantially the same FDCPA claim against HSBC Bank.

In any event, given that the dismissed claims in Plaintiff's prior action and the claims in this action arise from the same underlying events, i.e., alleged defects in the purchase and mortgage-securitization processes for the same piece of real property, res judicata principles bar relief and mandate dismissal for frivolousness. See Lindiment v. Jones, No. 1:17CV501, 2017 WL 4119644, at *5-6 (M.D.N.C. Sept. 15, 2017) (unpublished) ("[B]ecause [the p]laintiff's claims in the [o]riginal [s]uit and the instant [c]omplaint arise from the same underlying events . . .[, each claim in the instant complaint] remains subject to res judicata. Under these circumstances, . . . [the instant complaint's claims] are frivolous . . . ." (internal citation omitted)), recommendation adopted, 2017 WL 4417676 (M.D.N.C. Oct. 3, 2017) (unpublished) (Biggs, J.); Pack v. David, Civ. Action No. 07-2004, 2007 WL 4947819, at *1 (D. Md. Aug. 1, 2007) (unpublished) (ruling that, where prior "dismissal provide[d] res judicata

8

effect," new action qualified for dismissal as "frivolous"); Petros v. City of Wheeling, No. 5:05CV140, 2006 WL 1705911, at *2-3 (N.D. W. Va. June 16, 2006) (unpublished) (dismissing with prejudice under Section 1915(e) and explaining that, because new "action ha[d] arisen out of the same controversy as [the plaintiff's] previous two actions," res judicata barred new action); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (observing that "Section 1915([e]) is aimed at the dismissal of 'frivolous, malicious, or *repetitive* lawsuits'" and concluding that "district court did not abuse its discretion when it rejected [the plaintiff's] attempt to relitigate [same] claim" (emphasis in original) (quoting Neitzke, 490 U.S. at 324)).

## CONCLUSION

The doctrine of res judicata renders this action frivolous.

**IT IS THEREFORE ORDERED** that the Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that the Injunctive Relief Motion (Docket Entry 6) be denied and that this action be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

>                          /s/ L. Patrick Auld
>                            **L. Patrick Auld**
>                    **United States Magistrate Judge**

September 7, 2022